**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 18-3079-01-CR-S-RK** |
| **ISAAC HOLMES**, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.  As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the

attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible.  In this case, the defendant is charged with conspiracy to distribute 100 grams or more of a mixture of substance containing a detectable amount of heroin, a crime for which a term of not less than five years and not more than 40 years' imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Superseding Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above.  Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring.  *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).  As set forth above, defendant's statutory sentencing range is currently a term of imprisonment not less than five years and not more than 40 years.

To further support the Government's contention of the defendant's risk to the safety to community and risk to flee, the Government offers that:

- Holmes' involvement in this heroin distribution conspiracy includes his personal distribution of heroin to a confidential informant on January 6, 2017, and his possession of approximately $17,800 in United States currency on April 14, 2017.

- Moreover, on March 15, 2018, Holmes transported approximately 143.95 grams of heroin and $9,076 in United States currency from Saint Louis to Springfield, Missouri, while he on probation in case number 1731-CR03260 for charges of resisting an arrest and assault in the third degree.

- Holmes has a history of violence, which includes a felony conviction for robbery in the first degree, for which he was sentenced to a 14-year term of imprisonment, and misdemeanors convictions for battery causing bodily harm and assault in the third degree.

- On August 3, 2018, Missouri State Highway Patrol Sergeant S.R. Monk arrested Holmes for driving while intoxicated. After his arrest, at the Greene County, Missouri, Jail, Holmes submitted to a breathalyzer test, which revealed that his blood alcohol content was .204 percent.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By    */s/ Nhan D. Nguyen*
Nhan D. Nguyen
Missouri Bar No. 56877
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

   The undersigned hereby certifies that a copy of the foregoing was delivered on August 16, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.


                 */s/ Nhan D. Nguyen*
                 Nhan D. Nguyen
                 Assistant United States Attorney